UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROOSEVELT TRUVILLION, | |
| Plaintiff, | Case No. C25-878-RAJ |
| v. | ORDER TO SHOW CAUSE |
| ARETE LAW GROUP, | |
| Defendant. | |

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff states he receives $475.00 monthly from D.S.H.S., has no money in cash or accounts, no valuable property, and no dependents. (*Id.* at 1-2.) He reports monthly expenses of $475.00, explained only as "D.S.H.S. Food Stamp Program." (*Id.* at 2.) Asked for any other information about why he cannot pay court fees and costs, Plaintiff states he has "no extra income." (*Id.*)

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523

ORDER TO SHOW CAUSE - 1

(9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's IFP application omits information necessary for the Court to determine whether he is able to afford court fees. It is unclear what Plaintiff's expenses are for basic necessities such as food and housing, and whether such expenses are covered by the D.S.H.S. benefits noted. A food stamp program is not a monthly expense. It is also unclear whether Plaintiff receives $475.00 in cash, $475.00 in food stamps, or both. Without further clarification, Plaintiff should not be authorized to proceed IFP.[1]

Accordingly, Plaintiff is ORDERED to show cause by **June 3, 2025**, why the Court should not recommend his IFP application be denied. In the alternative, Plaintiff may file an amended IFP application clarifying the matters noted above by that date. The Clerk is directed to renote Plaintiff's IFP application (dkt. # 1) for **June 3, 2025**, and to send copies of this order to Plaintiff, along with a blank IFP application, and to the Honorable Richard A. Jones.

Dated this 16th day of May, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] The Court observes Plaintiff neglected to fill out the portion of the form asking for a brief statement of the nature of the action. (*See* dkt. # 1 at 1.) Plaintiff is reminded to fill out all portions of the form.

ORDER TO SHOW CAUSE - 2